UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCISCO ANCAIPURO  CCORIHUAMAN

       *Petitioner*

KENNETH GENALO, NYC Director,
    Enforcement & Removal Operations,
    U.S. Immigration and Customs Enforcement;

TODD LYONS, Acting Director, U.S. Immigration
    and Customs Enforcement;

KRISTI NOEM, Secretary of the U.S. Department
    of Homeland Security; and

PAMELA BONDI, Attorney General of the United States

       *Respondents.*

EMERGENCY MOTION FOR ORDER TO
SHOW CAUSE AND TEMPORARY
RESTRAINING ORDER

## EMERGENCY MOTION FOR ORDER TO SHOW CAUSE
## AND TEMPORARY RESTRAINING ORDER

Petitioner respectfully moves, on an emergency basis, for an Order to Show
Cause and Temporary Restraining Order:

a)  from transferring petitioner out of this district and requiring respondents to identify
petitioner's precise location immediately;

b)  grant the writ of habeas corpus and order Petitioner's immediate release, or,

c)  at minimum, order Respondents to conduct a lawful, contemporaneous custody determination
within 24–48 hours supported by documentation showing lawful arrest authority and
individualized deliberation, and order release if Respondents cannot make that showing and

d)  order Respondents to produce Petitioner forthwith and

e)  to produce the DHS administrative file (A-file) and all arrest/custody and transfer records
immediately;

f)  grant such other relief as the Court deems just and proper.

25

## STANDARD FOR EMERGENCY RELIEF

A temporary restraining order and preliminary injunction are warranted where Petitioner shows likelihood of success on the merits, irreparable harm, a balance of equities in his favor, and that relief serves the public interest.

## IRREPARABLE HARM

Petitioner suffers irreparable harm each day he remains confined without lawful authority and without the constitutionally required process. The Second Circuit recognizes that the loss of liberty constitutes irreparable injury as a matter of law. Petitioner also faces the immediate risk of transfer which would frustrate counsel's access and impair the Court's ability to grant effective habeas relief.

## LIKELIHOOD OF SUCCESS

Petitioner is likely to succeed because the record currently reflects a warrantless arrest with no articulated basis and continued detention without any contemporaneous individualized custody determination. New York federal judges have repeatedly granted habeas relief and ordered immediate release when ICE's detention process is defective, and the Government cannot show lawful individualized decision-making. See *Lopez Benitez,* 2025 WL 2371588; *Kelly,* 2025 WL 2381591; *Valdez,* 2025 WL 1707737; *Chipantiza-Sisalema*, 2025 WL 1927931; *Gonzalez,* 2025 WL 2961626; *Tumba Huamani,* 2025 WL 3079014; *Huang v. Almodovar*, No. 25 Civ. 9346, 2025 WL 3295912 (S.D.N.Y. Nov. 26, 2025).

## BALANCE OF EQUITIES AND THE PUBLIC INTEREST

The equities overwhelmingly favor preventing unconstitutional detention. The public interest is not served by detaining individuals without lawful process and statutory compliance, and it is served by enforcing constitutional and statutory limits on civil immigration enforcement.

## CONCLUSION

For the foregoing reasons, the Court should grant the emergency Order to Show Cause and a Temporary Restraining Order. and grant the writ, including ordering immediate release or, at a minimum, compelling a lawful custody determination within 24–48 hours supported by documentary proof and ordering release.

Respectfully submitted,

*s/ S. Michael Musa-Obregon*

S. Michael Musa-Obregon, Esq.                    January 30, 2026
MUSA-OBREGON LAW P.C.                        New York, NY
michael@musa-obregon.com
718-803-1000

26

## VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C.§ 2242

I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I have received this information from staff members at law firms, the office file, investigations of counsel, and from the Petitioner, who has granted his lawyers permission to discuss the events described in this Petition with his family. On the basis of this understanding, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

| Dated:  January 30, 2026 | BY: */s/ S. Michael Musa-Obregon*<br><br>S. Michael Musa-Obregon, Esq.<br>michael@musa-obregon.com |
|---|---|

27

Certificate Of Service

I certify that on January 30, 2026, I caused the foregoing Petition, Emergency Motion, and Order to Show Cause to be served by electronic mail and/or overnight service on the United States Attorney's Office for the Eastern District of New York, Civil Division, and by electronic mail and/or overnight service on counsel for Respondents, and I further caused service on Respondents in their official capacities via the U.S. Attorney as permitted by applicable rules.

*/s/ S. Michael Musa-Obregon*
S. Michael Musa Obregon, Esq.

MUSA-OBREGON LAW P.C.
michael@musa-obregon.com

28