

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271-A Cadman Plaza East*
*Brooklyn, New York 11201*

February 6, 2026

By ECF

Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Ccorihuaman v. Genalo, et al.,* No. 26-cv-554 (HG)

Dear Judge Gonzalez:

   This letter is respectfully submitted on behalf of Respondents Kenneth Genalo, New York City Director, Enforcement and Removal Operations, U.S. Immigrations Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary of the Department of Homeland Security; and Pamela Bondi, Attorney General of the United States (collectively "Respondents"), in response to the Amended Petition For A Writ of Habeas Corpus ("Petition" or Dkt. No. 5) and the Order to Show Cause dated February 2, 2026.

   Petitioner Francisco Ancaipuro Ccorihuaman ("Petitioner"), a citizen of Peru, alleges that he has been detained by Respondents since December 26, 2026, and requests immediate release. *See* Dkt. No. 5, ¶ 13. Petitioner contends that his detention violates the Immigration and Nationality Act, the Fourth Amendment, and the due process clause of the Fifth Amendment.

   The Order to Show Cause directs the United States Attorney, as attorney for Respondents, to show cause why the petition should not be granted and why Respondents should not be ordered to immediately release Petitioner from detention. The Order directs the government to address whether the Petition is controlled by Your Honor's prior opinions in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025) ("*O.F.B.*") and *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025) ("*R.P.L.*"), and *Ndiaye v. Francis*, No. 26-cv-69, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026) ("*Ndiaye*").

   The Order to Show Cause provides that the government may waive its right to a response and consent to Petitioner's release without prejudice to its rights on appeal. The government has not opted to release Petitioner voluntarily. While reserving all rights, including the right to appeal, Respondents respectfully submit this letter in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case.

**Relevant Background**

The Petition alleges that Petitioner arrived in the United States in 2006 without inspection and later filed an asylum application, which remains pending. *See* Dkt. No. 5, ¶¶ 25, 26.   On December 26, 2025, three ICE agents stopped Petitioner on a street in White Plains, New York before placing him under arrest, taking him into ICE custody, and ultimately transporting him to the Metropolitan Detention Center in Brooklyn, where he remains.   *Id.*, ¶¶ 3, 22.

**The *O.F.B.*, *R.P.L*, and *Ndiaye* Decisions**

In *O.F.B.*, *R.P.L.* and *Ndiaye*, the government maintained that INA Section 235(b), 8 U.S.C. § 1225(b) ("Section 1225(b)"), Section 1225(b) mandated the petitioners' detention because they had entered the country illegally and were not "admitted" to the United States. At the time of his arrest and detention following an immigration court hearing, O.F.B. had been living in the United States for over two years, had filed an asylum claim, and was in removal proceedings. *See* 2025 WL 3277677, at 1-*2. Similarly, Ndiaye had been living in the United States for almost two years, was in removal proceedings and had a pending application for asylum when he was arrested and detained at a check-in appointment. *See* 2026 WL 99930, at *1. R.P.L, despite having lived in the United States for decades, had not encountered immigration authorities until his arrest and detention in September 2025. *See* 2025 WL 3731864, *1.

This Court disagreed with the government's arguments, and concluded that Section 1225(b) does not apply to noncitizens like the petitioners who had been living in the United States for years, and that INA Section 236, 8 U.S.C. § 1226(a) ("Section 1226(a)"), governed their detention.[1] *O.F.B.,* 2025 WL 3277677, at *3-*5; *R.P.L.,* 2025 WL 3731864, at *2-*3; *Ndiaye*, 2026 WL 99930, at *3. Your Honor held that the government's interpretation of the INA is inconsistent with a straightforward reading of Section 1225(b) and binding Supreme Court precedent. *O.F.B.,* 2025 WL 3277677, at *4; *see R.P.L.,* 2025 WL 3731864, at *2 ("There is a staggering number of cases, both in this Circuit and across the country, that have rejected the government's argument that Section 1225 applies to individuals who have been living in the United States for a number of years before they were detained."); *see also Ndiaye*, 2026 WL 99930, at *3.

Your Honor also held that, irrespective of whether the detention authority is Section 1225(b) or 1226 (a), the petitioners' arrests and detention violated due process because the government failed to conduct any individualized assessment before detaining them, failed to make any showing of changed circumstances, and failed to provide them an opportunity to respond. *O.F.B.,* 2025 WL 3277677, at *6-*8; *R.P.L.,* 2025 WL 3731864, at *3-*4; *see also Ndiaye*, 2026 WL 99930, at *3. Accordingly, this Court granted the habeas petitions and ordered the petitioners released from custody.

**Respondents' Statement**

Respondents' position is that ICE has properly detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), and that such detention is mandatory. Respondents respectfully disagree with

---

[1] Under § 1226(a), the government may arrest and detain an alien during his removal proceedings or release him on bond or conditional parole.

Your Honor's rejection of the government's arguments in *O.F.B.*, *R.P.L.*, and *Ndiaye* that 8 U.S.C. § 1225(b) (mandatory detention) applies to aliens who are living in the United States at the time they are arrested and detained. [2]   Nevertheless, Respondents acknowledge that Your Honor's prior decisions in *O.F.B., R.P.L.*, and *Ndiaye* would control the outcome here, and recognize that it would be futile to repeat the government's statutory interpretation arguments in opposing the habeas petition. *See R.P.L.*, 2025 WL 3731864, at *2 ("This Court's position on the question of whether Section 1225 or Section 1226 applies in scenarios where a petitioner was detained after living in the country has not changed.  . . . the Court is convinced that its earlier conclusion [in O.F.B.] is correct").

Respondents respectfully request that Your Honor deny the petition for a writ of habeas corpus, and dismiss this action.

Thank you for Your Honor's consideration of this submission.

---

[2] Respondents note that the issue is on appeal to the Second Circuit. The government has appealed a decision holding that Section 1226(a), as opposed to Section 1225(b), applies. *Barbosa da Cunha v. Freden,* No. 25-cv-6532 (MAV), 2025 WL 3280575 (W.D.N.Y. Nov. 25, 2025), Second Cir. No. 25-3141 (appeal filed Dec. 11, 2025). The government's motion to expedite the appeal was granted and briefing is scheduled to close on March 3, 2026. In addition, two petitioners who were denied habeas relief also have appealed: *Chen v. Almodovar*, No. 25-cv-8350 (MKV), 2025 WL 3484855 (S.D.N.Y. Dec. 4. 2025), Second Cir. No. 25-3169 (appeal filed Dec. 16, 2025); *Candido v. Bondi*, No. 25-cv-867 (JLS), 2025 WL 3484932 (W.D.N.Y. Dec. 4, 2025), Second Cir. No. 25-3159 (appeal filed Dec. 16, 2025).
Moreover, three judges in multiple decisions in Southern District of New York, have ruled in the government's favor on this issue  *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.) (holding that a petitioner was being detained pursuant to § 1225, even though ICE had previously released him under § 1226, was subject to the former provision, as "aliens present in the United States who ha[ve] not been admitted" are "by default, [ ] seeking admission" and, thus, subject to mandatory detention under § 1225); *accord Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.) ("Having considered the statutory text and other relevant authorities, the undisputed facts of this case, and the parties' submissions and oral arguments, the Court concludes that Petitioner's detention is governed by Section 1225."); *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), *notice of appeal* filed Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), *notice of appeal* filed Jan. 15, 2026. Judge Vyskocil expressly rejected the proposition that "if one presidential administration fails to enforce a statute, the next administration cannot enforce it, even though the statute clearly applies, according to its plain terms, and no promises not to enforce it have been made." *Chen*, No. 25-cv-8350, 2025 WL 3484855, at *7; *see also Liang*, 2025 WL 3641512, at *8 (rejecting proposition that "prior Administration's decision to catch and then release Petitioner into the interior under Section 1226 means that the current Administration has 'relinquished the authority[]' . . . to apply Section 1225 according to its plain terms."); Last month, two other district court judges in this Circuit issued similar decisions. *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2  (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.) (detention under 8 U.S.C. § 1225(b)(2)(A) was proper for alien present unlawfully for two decades without having been admitted, and noting that "[t]he fact that more district courts . . . have decided this issue differently from this court is neither binding nor persuasive"), *notice of appeal* filed Dec. 16, 2025.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:       */s/ Dara A. Olds*
Dara A. Olds
Assistant U.S. Attorney
(718) 254-6148
dara.olds@usdoj.gov

cc:  By ECF
    Counsel for Plaintiff
    S. Michael Musa-Obregon

4