UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCISCO ANCAIPURO
CCORIHUAMAN,

              Petitioner,

  -against-

KENNETH GENALO, in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement, TODD M. LYONS, the Acting Director of U.S. Immigration and Customs Enforcement, KRISTI NOEM, the Secretary of the Department of Homeland Security, PAMELA BONDI, the Attorney General of the United States,

              Respondents.

**MEMORANDUM & ORDER**
26-CV-00554 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On December 26, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner Francisco Ancaipuro Ccorihuaman ("Petitioner") after agents approached him on the street, purportedly looking for another individual. Petitioner was then transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, and now seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] For the following reasons, his Petition is GRANTED.

---

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND

Petitioner is a Peruvian national who arrived in the United States approximately 20 years ago. ECF No. 1 ¶¶ 24–25, 32. Petitioner filed an application for asylum sometime after his arrival in the United States; that application is currently pending. *See id.* ¶ 26.

On January 31, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus. ECF No. 1 ("Petition"). Two days later, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, why it should not be ordered to immediately release Petitioner from detention, and whether the instant Petition is controlled by this Court's prior opinions in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025), and *Ndiaye v. Francis*, No. 26-cv-0069, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026).[2] *See* Feb. 2, 2026, Text Order.

The government filed its response on February 6, 2026, *see* ECF No. 11 ("Response"), where it noted that, while it disagrees with the Court's rejection of its argument that 8 U.S.C. § 1225 applies to noncitizens who had been living in the country before they were detained, it nevertheless "acknowledge[s] that [this Court's] prior decisions in *O.F.B.*, *R.P.L.*, and *Ndiaye* would control the outcome here." *Id.* at 3.

The Court issues the instant Order before Petitioner's deadline to file a reply in light of its obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." 28 U.S.C. § 2243.

---

[2] In the interest of judicial economy, the Court does not repeat the legal discussions and analyses from those cases in this Order but instead incorporates same by reference herein.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

In the instant petition, Petitioner seeks a writ of habeas corpus based on a violation of the Due Process Clause of the Fifth Amendment, among other claims.[3] *See* ECF No. 1 ¶¶ 76–105.

In response, the government reiterates its now-familiar position—that "ICE has properly detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), and that such detention is mandatory," ECF No. 11 at 2—despite sweeping rejection by district courts across the country. The government also notes that "it would be futile to repeat the government's statutory interpretation arguments in opposing the [instant] habeas petition." *Id.* at 3. The Court agrees with the government on that point. It need not repeat its statutory interpretation here because the result of this case is the same as that in *O.F.B.*, 2025 WL 3277677, *R.P.L.*, 2025 WL 3731864, and *Ndiaye*, 2026 WL 99930. And, for the reasons this Court has already articulated in those cases

---

[3] The Court need not address Petitioner's other claims, given its conclusion that Petitioner's detention under 8 U.S.C. § 1226 violates the Due Process Clause of the Fifth Amendment.

3

(and hundreds of others across the country), the Court concludes that Petitioner is currently being detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment. *See O.F.B.*, 2025 WL 3277677, at *3–6; *R.P.L.*, 2025 WL 3731864, at *2–4; *Ndiaye*, 2026 WL 99930, at *3; *see also, e.g.*, *Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *3 (E.D.N.Y. Jan. 6, 2026) (collecting cases from courts "within the Eastern District of New York . . . [that] have unanimously rejected the government's interpretation.").

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

## **CONCLUSION**

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 12:00 p.m. on February 9, 2026. The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that Petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. United States*

4

*Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"). This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections." *Id.*

      The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

SO ORDERED.

                                        */s/ Hector Gonzalez*
                                         HECTOR GONZALEZ
                                         United States District Judge

Dated: Brooklyn, New York
         February 6, 2026